CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 0 2 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

ROBERT CLARK,
            *Plaintiff,*

v.

DENNIS G. SIMMS, *and*
MILDRED A. SIMMS,
            *Defendants.*

CIVIL NO. 3:09CV00002

**MEMORANDUM OPINION**

JUDGE NORMAN K. MOON

    On January 16, 2009, Plaintiff Robert Clark filed suit against Defendants Dennis and Mildred Simms under the Americans with Disabilities Act ("ADA"), alleging the existence of certain architectural barriers to access on the Defendants' property. This matter is before the Court on the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants (docket no. 10).[1] For the reasons set forth below, the Defendant's Motion will be denied in a separate Order to follow.

## I. BACKGROUND

    The Defendants are co-owners of a building and surrounding property located at 3345 Broad Street Road in Gum Spring, Virginia. The building is currently leased to two other individuals who operate a hunting store called the "Hunt 'N' Shack." Plaintiff is a quadriplegic and uses a power wheelchair for mobility. According to the allegations in the Complaint, Plaintiff attempted to access the Hunt "N" Shack in September 2008 but was unable to achieve full and equal access because of several architectural barriers on the property, including the lack

---

[1] The Defendants failed to file a reply brief within the deadline set forth by the Pretrial Order, and the last brief on this matter was filed on March 18, 2009. Because none of the parties contacted the Court to schedule a hearing within the deadline established by the Pretrial Order and because the facts and legal contentions are adequately

of handicap-accessible parking spaces and a handicap-accessible route from the parking lot to the store. Because Plaintiff intends and desires to return to patronize the Hunt "N" Shack, he asks the Court to: (1) find that the Hunt "N" Shack is in violation of the ADA, (2) order the Defendants to alter the Hunt "N" Shack so that it is readily accessible to and usable by individuals with disabilities to the full extent required by the ADA; (3) direct the Defendants to evaluate and neutralize their policies, practices, and procedures towards individuals with disabilities; and (4) award reasonable attorneys' fees and litigation costs, including expert fees. In their Motion to Dismiss, the Defendants argue that Plaintiff's claim should be dismissed because the Complaint fails to allege that they "operate" the Hunt "N" Shack or that removal of the architectural barriers on the property was "readily achievable."

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See id.* at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original omitted) (citations omitted) (internal quotation marks omitted). Instead, "factual allegations must be enough to raise a right to relief above the speculative level on the

---

presented in the materials before the Court, this matter will be decided on the briefs.

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (citations omitted). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"; plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Id.* at 1974. A plaintiff "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006).

### III. DISCUSSION

The Defendants first argue that Plaintiff's claim should be dismissed because the Complaint fails "to properly identify at least some – and perhaps all – of the defendants contemplated by the ADA." While the Complaint identifies the Defendants as "co-owners" of the property at 3345 Broad Street Road, it does not allege that they "operate" the business on the premises. The Defendants contend that this omission is fatal to the Complaint and also imply that they cannot be held liable as owners of the property because they allocated their responsibilities for compliance with the ADA to the lessees, who "operate" the Hunt "N" Shack.

When interpreting a statute, it is fundamental to start with a reading of its plain language. *See United States v. Alvarez-Sanchez*, 511 U.S. 350, 356 (1994); *U.S. Dep't of Labor v. North Carolina Growers Ass'n*, 377 F.3d 345, 350 (4th Cir. 2004). And when a statute's language is plain, a court's sole function is to enforce it according to its terms. *U.S. ex rel. Wilson v. Graham County Soil & Water Conservation Dist.*, 367 F.3d 245, 247 (4th Cir. 2004) (internal quotation omitted). Title III of the ADA prescribes, as a general rule, that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public

accommodation." 42 U.S.C. § 12182(a); *see also PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676-677 (2001). By its plain terms, the statute applies to those who own, lease, *or* lease to others a place of public accommodation. 42 U.S.C. § 12182(a). In no way does the language of the statute suggest, as Plaintiff appears to argue, that a person must both own *and* operate a place of public accommodation to be held liable. As the owners and the lessors of the property on which the Hunt "N" Shack is located, the Defendants may be held liable under the ADA. The fact that Plaintiff did not allege that the Defendants "operate" the Hunt "N" Shack is of no import.

Furthermore, the Defendants may not assign their responsibilities for compliance with the ADA to the tenants who operate the Hunt "N" Shack because "a landlord has an independent obligation to comply with the ADA that may not be eliminated by contract." *Botosan v. Paul McNally Realty*, 216 F.3d 827, 834 (9th Cir. 2000); *Frotton v. Barkan*, 219 F.R.D. 31, 32 (D. Mass. 2003); *Access 4 All, Inc. v. The Atl. Hotel Condo. Ass'n, Inc.*, 2005 U.S. Dist. LEXIS 41601 (S.D. Fla. Nov. 22, 2005). This interpretation of the statute is supported by the legislative history, the relevant regulations, an interpretation by the U.S. Department of Justice, and public policy considerations. *See Botosan*, 216 F.3d at 834. Allowing a landlord to allocate all responsibility for ADA compliance to his tenant in the lease, for example, could lead injured individuals without recourse in the event that compliance measures are not "readily achievable" for the tenant. *Id.* The landlord is free to seek indemnification from the tenant if the terms of their lease agreement so allows. *Id.*

The Defendants also argue that the Complaint should be dismissed because it fails to allege that the alterations necessary to make the premises accessible could be easily accomplished and carried out without much difficulty or expense. The ADA requires places of public accommodation to remove "architectural barriers... in existing facilities...where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). Removal is "readily achievable"

– 4 –

where it is "easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. § 36.304 (2009). In the Complaint, Plaintiff alleges that he is a qualified individual with a disability, that the Defendants are co-owners of a place of public accommodation subject to the ADA, and that the Defendants violated § 12182 by failing to provide a handicap accessible parking space or a handicap accessible route from the parking lot to the store. Although the Complaint does not specifically state that the removal of the architectural barriers on the Defendants' property was "readily achievable" or "easily accomplishable and able to be carried out without much difficulty or expense," the facts alleged are sufficient to raise the right to relief above the speculative level when applied to the relevant law. It is at least plausible that the removal of the barriers that Plaintiff cites would be "readily achievable" under the alleged circumstances. Since a plaintiff need only allege facts sufficient to permit a court "to infer that all elements of each of his causes of action exist," *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344–45 (4th Cir. 2006), the Complaint should not be dismissed on the grounds that it fails to allege that removal of the architectural barriers at issue was "readily achievable."

## IV. Conclusion

Plaintiff's Complaint should not be dismissed for any of the grounds cited by the Defendants. Neither Plaintiff's failure to allege that the Defendants were operators of the Hunt "N" Shack nor Plaintiff's failure to allege that removal of the architectural barriers was "readily achievable" are sufficient grounds for dismissing his claims. Accordingly, the Defendant's Motion to Dismiss will be denied in a separate Order to follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to Plaintiffs.

It is so **ORDERED**.

– 5 –

Entered this 2nd day of April, 2009.

/s/ Norman K. Moon
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE